**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GISELLE SMITH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-4928** |
| | : | |
| **THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA** | : | |

# MEMORANDUM

**KEARNEY, J.** **September 30, 2026**

A former employee claims, without the benefit of a lawyer, her former employer subjected her to a hostile work environment and fired her in retaliation for her complaints of hostile work environment and to further race and age-based discrimination. But the employee did not mention her race claims in the mandatory administrative process. She did not exhaust the race-based claims and now cannot proceed here. The employee also does not plead facts allowing us to plausibly infer a prima facie case for age-based discrimination, retaliation, or hostile work environment based on her age. But maybe she could plead facts regarding age-based concerns in good faith if afforded an opportunity with the benefit of guidance in this Memorandum. We dismiss the unexhausted race-based claims with prejudice. We also dismiss all age-based claims against her former supervisor with prejudice without opposition. We dismiss the age-based claims for discrimination, retaliation, and hostile work environment with leave to timely amend her pro se allegations with facts allowing us to plausibly infer a basis for her claims under the Age Discrimination in Employment Act.

## I. Alleged pro se facts

Giselle Smith worked for The Trustees of the University of Pennsylvania ("Penn") from 2022 until 2025.[1]

***Alleged conduct in early 2022.***

Several younger female coworkers and her supervisor Malcolm Waddel began harassing Ms. Smith in February 2022.[2] She alleges over a three-year period from 2022 until 2025 she had issues with these coworkers.[3] Ms. Smith alleges these coworkers called her an "old bitch" and a senior citizen.[4] She alleges her coworkers often caused "drama."[5]

Ms. Smith met with Supervisor Waddel's manager Jazmen Cane on March 8, 2022.[6] Manager Cane reassigned Ms. Smith to a different department to separate her from the coworkers who allegedly harassed her.[7] But Ms. Smith still reported to Supervisor Waddel.[8]

Ms. Smith alleges she filed a written complaint about her coworkers' harassment to Penn's human resources department on March 10, 2022.[9] She alleges Supervisor Waddel ignored her complaint.[10] Ms. Smith alleges Supervisor Waddel told another coworker in February or March 2022 he wanted to get rid of Ms. Smith.[11] Supervisor Waddel returned from vacation and reassigned Ms. Smith to her old role.[12]

Ms. Smith then met with Edmond Gonzales in June 2022 who suggested Ms. Smith work third shift to separate herself from her coworkers.[13] Ms. Smith agreed to do so.[14] But those coworkers began working overtime on third shift.[15] Ms. Smith requested Penn management stop assigning these coworkers to her shift.[16] Supervisor Waddel approved the overtime shifts anyway.[17]

Ms. Smith does not allege facts or instances of harassment occurring in 2023 or 2024.

***Penn terminated Ms. Smith's employment in early 2025.***

Ms. Smith attempted to speak to one of her coworkers about the alleged ongoing harassment on January 9, 2025.[18] She alleges her coworker harassed her during this conversation.[19] Her coworker then filed a false report with Penn suggesting Ms. Smith threatened her.[20] Penn sent Ms. Smith home from work on January 10, 2025 and suspended her without pay pending an investigation.[21] Penn fired Ms. Smith eleven days later.[22] Ms. Smith alleges Penn replaced her with a younger employee although she does not plead the age of the younger employee.[23]

***Ms. Smith filed an administrative complaint and sued Penn.***

Ms. Smith filed an Amended Charge of Discrimination with the Equal Employment Opportunity Commission on June 12, 2025.[24] She alleged age discrimination, hostile work environment, and retaliation.[25] She did not allege race discrimination or retaliation in her Amended Charge.[26] The Commission issued a Dismissal and Notice of Right to Sue letter on May 18, 2026.[27]

Ms. Smith then sued Penn on July 15, 2026.[28] Forty-six-year-old pro se Ms. Smith brought race- and age-based discrimination, hostile work environment, and retaliation claims against Penn and Supervisor Waddell.[29]

## II. Analysis

Penn and Supervisor Waddell move to dismiss all claims.[30] Ms. Smith counters she pleads facts allowing us to plausibly infer a legal basis for all her claims.[31] Ms. Smith asks us for leave to amend her pro se allegations if she does not plead a claim.[32] We find Ms. Smith may not proceed on her race-based claims because she does not allege race-based claims in the administrative process before the Commission. Ms. Smith also did not contest the dismissal of Supervisor Waddell with prejudice. Ms. Smith does not plead facts allowing us to plausibly infer her age-based discrimination, hostile work environment, and retaliation claims.[33]

We dismiss her unexhausted race-based claims and claims against Supervisor Waddell with prejudice. We dismiss her age-based claims with leave to timely amend.

**A. Ms. Smith did not exhaust her race-based discrimination, hostile work environment, and retaliation claims.**

Penn argues Ms. Smith did not exhaust her race-based Title VII claim because she did not explicitly mention race in her Amended Charge.[34] Penn argues Ms. Smith does not include "race" in the heading of her Amended Charge nor does she mention race-based claims in the body of her Amended Charge.[35] Penn also argues the Commission's investigation did not address Ms. Smith's race based claim.[36] Ms. Smith responds by citing to allegations where she includes references to race.[37] But Ms. Smith does not cite to race-based claims in her Amended Charge. We agree with Penn and dismiss Ms. Smith's race-based claims for discrimination, hostile work environment, and retaliation.

Congress's requires exhaustion under Title VII to allow the Commission an opportunity to settle disputes through its conciliation process and put the employer on notice of the claims against it.[38] After a charge is filed, "the scope of a resulting private civil action in the district court is 'defined by the scope of the [Commission's] investigation which can reasonably be expected to grow out of the charge of discrimination ....'"[39] The failure to check a box on the Amended Charge does not, categorically, preclude Ms. Smith from asserting the claim but "it does prevent [her] from 'greatly expand[ing] an investigation simply by alleging new and different facts.'"[40] We must ask whether the race-based claims are "fairly within the scope" of the EEOC charge or investigation to determine whether Ms. Smith administratively exhausted her race-based claims.[41]

Ms. Smith does not include race-based allegations in her Amended Charge. She alleges Penn discriminated against her due to her age.[42] She alleges a co-worker called her old and a senior citizen.[43] And she even mentions the Age Discrimination in Employment Act.[44] But she does not

allege similar facts on her race. She does not use the word "race" nor does she plead her race, the race of the employees, or the race of the managers in her Amended Charge.[45] We cannot infer her later race claims now before us fall fairly within the scope of the Amended Charge nor would the Amended Charge put the Commission or Penn on notice of a race-based allegations.

We dismiss Ms. Smith's race discrimination, retaliation, and hostile workplace claims with prejudice. We do not grant leave to amend because Ms. Smith cannot cure her failure to exhaust by now timely amending her Amended Charge to add race-based claims. [46]

### B. We dismiss Ms. Smith's age discrimination, workplace harassment, and retaliation claims against Penn with leave to amend.[47]

Ms. Smith concludes Penn discriminated against her by firing her, creating a hostile work environment, and retaliating against her due to her age.[48] We must examine facts in her pro se complaint and Amended Charge. Penn argues Ms. Smith does not plead facts allowing us to plausibly infer Penn replaced Ms. Smith with a sufficiently younger employee.[49] Penn argues Ms. Smith does not allege severe or pervasive conditions of employment.[50] Penn also argues Ms. Smith does not allege a causal connection between a protected activity and Penn firing her.[51] We agree with Penn and dismiss Ms. Smith's age-based claims with leave to amend.

#### a. We dismiss Ms. Smith's age-based discrimination claim.

Penn argues Ms. Smith does not meet her burden of pleading Penn replaced her with a person sufficiently younger so as to permit a reasonable inference of age discrimination.[52] Penn argues Ms. Smith does not plead Penn replaced her with a younger employee.[53] Penn also argues Ms. Smith only pleads a few stray remarks suggesting Penn fired her based on her age.[54] Ms. Smith responds she has pleaded facts sufficient for us to infer Penn fired her because of her age.[55] But we find Ms. Smith does not plead sufficient facts allowing us to infer Penn replaced her with an employee sufficiently younger than her.

We analyze claims for age discrimination under the familiar *McDonnell Douglas* burden shifting framework.[56] Ms. Smith must first plead a prima facie case of age discrimination by pleading facts allowing us to plausibly infer: (1) she is over forty years old, (2) she was qualified for the position she held, (3) she suffered an adverse employment action, and (4) her replacement was sufficiently younger to permit a reasonable inference of age discrimination.[57] If she pleads a prima facie case of discrimination, Penn must then articulate a nondiscriminatory purpose for firing Ms. Smith.[58] And if Penn does so, Ms. Smith has the burden to prove Penn's articulated reasons are a pretext for discrimination.[59]

Penn does not contest Ms. Smith pleads the first three elements of a prima facie case.[60] It instead argues Ms. Smith does not plead Penn replaced her with a sufficiently younger employee supporting an inference of animus.[61] We agree with Penn after liberally construing Ms. Smith's pro se allegations. Ms. Smith did not plead the age of the "younger employee" allegedly replacing her. We cannot infer the employee is sufficiently younger to support an inference of animus based on Ms. Smith's allegations. We dismiss Ms. Smith's claim with leave to plead facts allowing us to infer a plausible basis for a prima facie claim based on the replacement employee being sufficiently younger than her forty-six years.

**b. We dismiss Ms. Smith's age-based hostile workplace claim.**

Penn argues Ms. Smith does not allege Penn's employees engaged in severe and pervasive harassment.[62] Ms. Smith alleges Penn employees harassed her for three years.[63] We agree with Penn as to the sufficiency of Ms. Smith's pro se allegations.

Ms. Smith must plead facts allowing us to plausibly infer a hostile work environment claim under the Age Discrimination in Employment Act including: (1) she suffered intentional discrimination because of her age; (2) the harassment was severe or pervasive; (3) the harassment detrimentally affected her; (4) the harassment would detrimentally affect a reasonable person in

that position; and (5) respondeat superior liability.[64] The harassment must be so severe or pervasive it alters the conditions of employment and creates an abusive environment.[65]

We are persuaded by Judge Pratter's reasoning hostile workplace conduct must be more than a mere offensive utterance.[66] Judge Pratter adopted the Supreme Court's description of a hostile work environment as one "permeated with discriminatory intimidation, ridicule, and insult."[67] The conduct must be extreme, change the conditions of employment, or destroy the emotional or psychological stability of the harassed employee.[68] Judge Pratter dismissed a plaintiff's claims because the plaintiff only stated broad claims with little identification of concrete incidents.[69]

Ms. Smith does not allege facts allowing us to infer severe or pervasive harassment. Ms. Smith alleges she complained about harassment by Penn employees for three years to her supervisors.[70] She does not allege any facts or specific instances of harassment occurring in 2023 or 2024. She alleges her coworkers called her insulting names and caused "drama."[71] She alleges changing shifts to avoid coworkers.[72] But those allegations are not sufficient to allow us to plausibly infer facts supporting a hostile workplace claim. She does not allege the frequency of the name calling or harassment with specificity. Ms. Smith attempted to change shifts but she does not allege the alleged harassment interfered with her ability to do her job. She does not plead any conduct for over two years of her employment.

We dismiss her age-based hostile workplace claim with leave to amend to allege facts sufficient to allow us to infer severe or pervasive harassment.

**c. We dismiss Ms. Smith's age-based retaliation claim.**

Penn argues Ms. Smith does not plead facts sufficient to allow us to infer a plausible retaliation claim under the Age Discrimination in Employment Act.[73] Ms. Smith counters Penn

fired her after she repeatedly complained to management about other employees harassing her.[74] We agree with Penn and dismiss Ms. Smith's retaliation claim without prejudice.

Ms. Smith must allege facts allowing us to plausibly infer a *prima facie* retaliation case under the Act including: (1) she engaged in a protected activity; (2) Penn subjected her to an adverse employment action, either subsequent to, or contemporaneous with, her protected activity; and (3) there is a causal connection between the protected activity and the adverse employment action.[75]

We look at "the content of the complaint, rather than its form" in determining whether a specific complaint to an employer constitutes "protected activity,"[76] Protected conduct does not include "mere complaints 'about unfair treatment' that fail to reference 'a protected characteristic as the basis for the unfair treatment.'"[77] We are mindful Judge Gardner in *Zielinski v. Whitehall Manor* found an employee engaged in protected activity where his lawyer wrote a letter to his supervisor stating "if I learn of evidence supporting a claim for age discrimination we will lodge those charges too" because he "specifically mentioned age discrimination."[78] Our Court of Appeals in *Daniels v. School District of Philadelphia* conversely found a teacher did not allege protected activity under the Act where she complained to her principal about being monitored excessively relative to other teachers in the school, as "she fail[ed] to demonstrate that she related her complaints to age or race discrimination."[79]

Ms. Smith's pro se allegations of retaliation based on age complaints are not clear. We infer Ms. Smith alleges Penn retaliated against her when Penn fired her after she complained to Penn about her fellow employees.[80] Ms. Smith does not allege she told Penn employees discriminated against her due to her age as opposed to other reasons including alleged workplace drama.[81]

Ms. Smith describes her complaints as "harassment" or "concerns" but does not allege she told Penn the harassment related to her age.[82] We dismiss Ms. Smith's age-based retaliation claim with leave to amend.

## III. Conclusion

We grant the motion to dismiss all Ms. Smith's claims against Supervisor Waddel and her race-based claims for discrimination, hostile work environment, and retaliation against Penn with prejudice. We grant the pending motion to dismiss Ms. Smith's age-based discrimination, hostile work environment, and retaliation claims against Penn without prejudice. We grant Ms. Smith leave to timely plead facts allowing us to plausibly infer a basis for her age-based claims.

---

[1] ECF 2 at 6 (using the pagination assigned by the CM/ECF docketing system). Ms. Smith does not contest the correct name of her employer is "The Trustees of the University of Pennsylvania" requiring we today amend the caption to identify the employer.

[2] *Id*.

[3] ECF 12-2 at 2.

[4] *Id*.

[5] ECF 2 at 10.

[6] *Id*. at 9.

[7] *Id*.

[8] *Id*.

[9] *Id*.at 6.

[10] *Id*. at 5.

[11] *Id*. at 6.

[12] *Id*. at 9.

[13] *Id*. at 10.

[14] *Id*.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] ECF 12-2 at 2. A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint under the plausibility pleading standard. *Zanetich v. Wal-Mart Stores East, Inc.*, 123 F.4th 128, 138 (3d Cir. 2024). A plaintiff must include "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). "'Plausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 291 (2025) (quoting *Iqbal*, 556 U.S. at 678). A pleading offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted).

We review facts detailed in Ms. Smith's Amended Charge of Discrimination as part of her pleadings. Our Court of Appeals directs us to construe a pro se litigant's pleadings "liberally" and "hold [her] to 'less stringent standards than formal pleadings drafted by lawyers.'" *Freeman v. Lincalis*, 158 F.4th 166, 175 (3d Cir. 2025) (quoting *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024)). We "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

Penn attached Ms. Smith's Amended Charge to its Motion. We may consider the Amended Charge. *Washington v. DeJoy*, No. 21-4831, 2022 WL 16553378, at fn. 2 (E.D. Pa. Oct. 31, 2022) (citing *Smith v. Pallman*, 420 F. App'x 208, 212 (3d Cir. 2011)) (courts may consider EEOC documents when deciding motions to dismiss especially when documents are integral to the complaint and undisputedly authentic).

[19] ECF 12-2 at 2.

[20] *Id.*

[21] *Id*.

[22] *Id*.

[23] *Id*.

[24] ECF 12-1 at 1.

[25] ECF 12-2 at 2. While Ms. Smith does not "check the box" for hostile work environment we liberally read her EEOC complaint as alleging age-based hostile work environment claims. Penn does not move to dismiss her age-based hostile work environment claims for failure to exhaust.

[26] ECF 12-2 at 2–3.

[27] ECF 2-1 at 1.

[28] ECF 2.

[29] *Id*.

[30] ECF 12.

[31] ECF 14.

[32] *Id*.

[33] *Alicea v. Health Advoc. Sols., Inc.*, No. 24-6005, 2025 WL 2989036, at *3 (E.D. Pa. Oct. 23, 2025) (We apply to same legal standard to age discrimination claims under both the Age Discrimination in Employment Act and Pennsylvania Human Relations Act).

[34] ECF 12-1 at 6.

[35] *Id*.

[36] *Id*.

[37] ECF 14 at 2, 4.

[38] *Simko v. United States Steel Corp.*, 992 F.3d 198, 206–07 (3d Cir. 2021); *Barzanty v. Verizon PA, Inc*., 361 F. App'x 411, 414 (3d Cir. 2010) (citing 42 U.S.C. §§ 2000e-5(b), (e)(1); *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978)); *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996).

[39] *Id.*

[40] *Id.*

[41] *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Antol*, 82 F.3d at 1295).

[42] ECF 12-2 at 2.

[43] *Id*.

[44] *Id*.

[45] *Id.* at 2–3.

[46] *Koslosky v. Am. Airlines, Inc.*, 456 F. Supp. 3d 681, 687 (E.D. Pa. 2020), *aff'd*, No. 20-2081, 2022 WL 4481537 (3d Cir. Sept. 27, 2022) (employees must file a charge of discrimination with the Commission within 180 or 300 days of the alleged unlawful employment action). Ms. Smith alleges Penn finalized her termination on January 21, 2025. Ms. Smith's time to file a charge with the Commission related to the facts she alleges here has expired.

[47] Penn argues, and Ms. Smith does not dispute, individuals cannot be liable under the Age Discrimination in Employment Act. We agree and dismiss Supervisor Waddel from the age discrimination claim with prejudice.

[48] ECF 2 at 5; ECF 12-2 at 2–3.

[49] ECF 12-1 at 7–8.

[50] *Id.* at 10–11.

[51] *Id.* at 10.

[52] ECF 12-1 at 8.

[53] *Id*.

[54] *Id*.

[55] ECF 14 at 3–4.

[56] *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

[57] *Willis*, 808 F.3d at 644; *see also Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006) (the same legal standard applies under the Pennsylvania Human Relations Act).

[58] *Willis*, 808 F.3d at 644 (citing *McDonnell Douglas Corp.*, 411 U.S. 792).

[59] *Id*.

[60] ECF 12-1 at 8.

[61] *Id*.

[62] *Id*. at 10–11.

---

[63] ECF 2 at 5–6, 10–11.

[64] *Power v. Lockheed Martin Corp.*, 419 F. Supp. 3d 878, 902 (E.D. Pa. 2020) (citing *Howell v. Millersville Univ. of Pennsylvania*, 283 F. Supp. 3d 309, 332 (E.D. Pa. 2017), *aff'd,* 749 F. App'x 130 (3d Cir. 2018)).

[65] *Id*.

[66] *Power*, 419 F. Supp. 3d at 902.

[67] *Id.* (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, (1993)).

[68] *Power*, 419 F. Supp. 3d at 902 (citing *Chinery v. Am. Airlines*, 778 F. App'x 142, 145 (3d Cir. 2019); *Hatch v. Franklin Cty.*, 755 F. App'x 194, 202 (3d Cir. 2018)).

[69] *Power*, 419 F. Supp. 3d at 902.

[70] ECF 2 at 5–6.

[71] *Id*.

[72] ECF 2 at 10.

[73] ECF 12-1 at 9–10.

[74] ECF 14 at 3–4.

[75] *Fasold v. Justice*, 409 F.3d 178, 188 (3d Cir. 2005).

[76] *Zielinski v. Whitehall Manor, Inc.*, 899 F. Supp. 2d 344, 354 (E.D. Pa. 2012) (quoting *Barber v. CSX Distribution Servs.,* 68 F.3d 694, 702 (3d Cir. 1995)).

[77] *Gavurnik v. Home Props., L.P.*, 227 F. Supp. 3d 410, 420 (E.D. Pa. 2017) (quoting *Kier v. Lackland & Sons, LLC*, 72 F. Supp. 3d 597, 616 (E.D. Pa. 2014)).

[78] 899 F. Supp. 2d at 354; *see also LeBlanc v. Hill School*, No. 14-1674, 2015 WL 144135, at *14 (E.D. Pa. Jan. 12, 2015) (finding plaintiff alleged protected activity where she sent her employer a letter specifically claiming discrimination based on plaintiff's sex and age).

[79] 776 F.3d 181, 195 (3d Cir. 2015).

[80] See ECF 2 at 5–6, 9–10.

[81] *Id*.

[82] *Id*.